UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| DARRELL K. HANN, | : | |
| Plaintiff, | : | Civ. No. 14-3752 (RBK) (AMD) |
| v. | : | |
| SOUTHWOODS STATE PRISON, et al. | : | **OPINION** |
| Defendants. | : | |

**ROBERT B. KUGLER, U.S.D.J.**

## I.  INTRODUCTION

Plaintiff is a state inmate proceeding *pro se* with a civil rights complaint filed pursuant to 42 U.S.C. § 1983. Previously, this matter was administratively terminated as plaintiff had not paid the filing fee nor had he submitted a complete application to proceed *in forma pauperis*. Subsequently, plaintiff submitted another application to proceed *in forma pauperis* such that the Clerk will be ordered to reopen this case. Plaintiff's application to proceed *in forma pauperis* will be granted based on the information provided therein and the Clerk will be ordered to file the complaint.

At this time, this Court must screen the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A with respect to plaintiff to determine whether it should be dismissed as frivolous or malicious, for failing to state a claim upon which relief may be granted or because it seeks monetary relief from a defendant who is immune from suit. For the following reasons, the complaint will be dismissed.

## II.   BACKGROUND

The allegations of the complaint will be construed as true for purposes of this screening Opinion. Plaintiff names three defendants in his complaint: (1) South Woods State Prison; (2) Several New Jersey DOC Locations; (3) State of New Jersey DOC.

Plaintiff alleges that he had an appointment with an eye doctor in January, 2013. He claims that she made a final statement that nothing was wrong with his eyes despite never giving him an eye examination.

Subsequently, on November 29, 2013, plaintiff had another eye appointment with a state doctor Bonnia. Plaintiff claims that he was sexually harassed during this eye exam when Bonnia told him that he liked him and kept on touching his shoulder. Plaintiff states that Bonnia told him that he had no medical condition and no need for eye treatment despite the fact that plaintiff could not see the letters on the eye chart.

On April 28, 2014, a female eye doctor cancelled plaintiff's eye appointment for that day. Plaintiff claims that the institution is trying to have plaintiff see Bonnia.

Plaintiff states that he is afraid he will become permanently blind but that the state has taken no action.

## III.   LEGAL STANDARD

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance,
> regulation, custom, or usage, of any State or Territory or the
> District of Columbia, subjects, or causes to be subjected, any
> citizen of the United States or other person within the jurisdiction
> thereof to the deprivation of any rights, privileges, or immunities
> secured by the Constitution and laws, shall be liable to the party
> injured in an action at law, suit in equity, or other proper
> proceeding for redress, except that in any action brought against a

> judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See Harvey v. Plains Twp. Police Dep't,* 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted); *see also West v. Atkins,* 487 U.S. 42, 48 (1988).

Under the Prison Litigation Reform Act, Pub.L. 104–134, §§ 801–810, 110 Stat. 1321–66 to 1321–77 (Apr. 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis, see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana,* 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling,* 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard,* 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 42 U.S.C. § 1997e(c)(1)); *Courteau v. United States,* 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)). That standard is set forth in *Ashcroft v. Iqbal,* 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007), as explicated by the United States Court of Appeals for the Third Circuit. To survive the court's

screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside,* 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster,* 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal,* 556 U.S. at 678). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' " *Iqbal,* 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

*Pro se* pleadings, as always, will be liberally construed. *See Haines v. Kerner,* 404 U.S. 519 (1972). Nevertheless, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.,* 704 F.3d 239, 245 (3d Cir.2013) (citation omitted) (emphasis added).

## IV.     DISCUSSION

Plaintiff fails to state a Section 1983 claim against the named defendants in this action. The Department of Corrections is not a "person" subject to Section 1983 liability. *See Tulli–Makowski v. Community Educ. Ctrs., Inc.*, No. 12–6091, 2013 WL 1987219, at *3 (D.N.J. May 13, 2013) (citing *Grabow v. Southern State Corr. Facility*, 726 F. Supp. 537, 538–39 (D.N.J. 1989)); *see also Nadal v. Christie*, No. 13–5447, 2014 WL 2812164, at *4 (D.N.J. June 23, 2014). Additionally, the South Woods State Prison also is not a "person" subject to Section 1983 liability. *See Owens v. Armstrong*, No. 15-4911, 2016 WL 1117945, at *12 (D.N.J. Mar. 22, 2016) (citation omitted). Therefore, plaintiff fails to state a Section 1983 claim against the named defendants in this action such that the claims against them will be dismissed with prejudice.

While not named in the caption of the complaint, plaintiff may also be attempting to assert claims against the unnamed doctor he saw in January, 2013, as well as Bonnia, who he saw in November, 2013. This Court construes the complaint as attempting to allege a failure to provide adequate medical care claim against the unnamed doctor as well as Bonnia.

> For the delay or denial of medical care to rise to a violation of the Eighth Amendment's prohibition against cruel and unusual punishment, a prisoner must demonstrate "(1) that defendants were deliberately indifferent to [his] medical needs and (2) that those needs were serious." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). Deliberate indifference requires proof that the official "knows of and disregards an excessive risk to inmate health or safety." *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). We have found deliberate indifference where a prison official: "(1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a nonmedical reason; or (3) prevents a prisoner from receiving needed or recommended treatment." *Rouse*, 182 F.3d at 197. Deference is given to prison medical authorities in the diagnosis and treatment of patients, and courts "disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment... (which) remains a question of sound professional judgment." *Inmates of Allegheny Cnty. Jail v. Pierce*, 612 F.2d 754, 762 (3d Cir. 1979) (quoting *Bowring v. Godwin*, 551 F.2d 44, 48 (4th Cir. 1977)). Allegations of negligent treatment or medical malpractice do not trigger constitutional protections. *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976).

*Pierce v. Pitkins*, 520 F. App'x 64, 66 (3d Cir. 2013). Deliberate indifference can also be found "where the prison official persists in a course of treatment in the face of resultant pain and risk of permanent injury." *See McCluskey v. Vincent*, 505 F. App'x 199, 202 (3d Cir. 2012) (internal quotation marks and citation omitted). "A medical need is serious if it 'has been diagnosed by a physician as requiring treatment,' or if it 'is so obvious that a lay person would easily recognize the necessity for a doctor's attention.'" *See Mitchell v. Beard,* 492 F. App'x 230, 236 (3d Cir.

5

2012) (quoting *Atkinson v. Taylor*, 316 F.3d 257, 272-73 (3d Cir. 2003) (quoting *Monmouth Cnty. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987))).

The allegations of the complaint fail to state a Section 1983 claim against this unnamed doctor. While the allegations state that she did not conduct an eye examination on plaintiff, plaintiff does not allege that she knew of plaintiff's necessary need for an eye examination, and that by her failure to provide an eye examination, she was being deliberately indifferent to plaintiff's serious medical needs. Thus, this claim will be dismissed without prejudice for failure to state a clam.

With respect to Bonnia, plaintiff admits in his complaint that he conducted an eye examination on plaintiff in November, 2013. Plaintiff states that despite not being able to see the letters on the chart, Bonnia determined that he has no medical condition nor need for eye treatment. These allegations also fail to state a Section 1983 medical care claim against Bonnia. Plaintiff's disagreement with Bonnia's medical diagnosis does not rise to the level of an Eighth Amendment violation. *See Lenhart v. Pennsylvania*, 528 F. App'x 111, 115 (3d Cir. 2013) (stating that complaint that alleges physician was negligent in diagnosing and treating a medical condition does not state a valid claim of medical mistreatment and that mere disagreement as to proper medical treatment does not support a claim of inadequate medical mistreatment to support a constitutional claim); *Smith v. O'Boyle*, 251 F. App'x 87, 90 (3d Cir. 2007) ("Because a disagreement as to the proper medical treatment for a prisoner is insufficient to establish an Eighth Amendment violation, the District Court properly dismissed Smith's complaint.") (citing *Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004)). At most, plaintiff's allegations only rise to the level of medical malpractice, which is insufficient to state an Eighth Amendment deliberate

indifference to a serious medical need claim. *See Spruill*, 372 F.3d at 235 ("Allegations of medical malpractice are not sufficient to establish a constitutional violation.").

Plaintiff may also be asserting a sexual harassment claim against Bonnia based on the allegations of his complaint. As one Court in this District has noted:

> Several circuits have found that sexual abuse may violate contemporary standards of decency and therefore meet the first requirement of an Eighth Amendment violation. *See, e.g., Boxer X v. Harris,* 437 F.3d 1107, 1111 (11th Cir.2006); *Jackson v. Madery,* 158 Fed. App'x. 656, 662 (6th Cir.2005); *Barney v. Pulsipher,* 143 F.3d 1299, 1310 (10th Cir.1998); *Boddie v. Schneider,* 105 F.3d 857, 862 (2d Cir.1997). However, such abuse must be "severe or repetitive." *Boddie,* 105 F.3d at 862. Isolated incidents of verbal harassment or touching do not constitute an Eighth Amendment violation. *See Boxer X,* 437 F.3d at 1111 ("a female prison guard's solicitation of a male prisoner's manual masturbation, even under threat of reprisal, does not present more than *de minimis* injury"); *Jackson,* 158 Fed. App'x. at 661–62 (rubbing and grabbing prisoner's buttocks by corrections officer held to be "isolated, brief, and not severe"); *Berryhill v. Schiro,* 137 F.3d 1073, 1076 (8th Cir.1998) (brief touch to prisoner's buttocks by civilian prison official not a sexual assault under the Eighth Amendment); *Boddie,* 105 F.3d at 862 (isolated incidents where female corrections officer verbally harassed male prisoner, touched his penis, and pressed against him with her breasts found "despicable ... [b]ut [ ] do not involve a harm of federal constitutional proportions.").

*Pantusco v. Sorrell*, No. CIV. 09-3518, 2011 WL 2148392, at *7 (D.N.J. May 31, 2011). Indeed, in a more recent, albeit unpublished case, a panel of the Third Circuit noted as follows as well:

> While it is possible for sexual abuse of a prisoner to violate the Eighth Amendment, *see Boddie v. Schnieder,* 105 F.3d 857, 861 (2d Cir.1997), a small number of incidents in which a prisoner is verbally harassed, touched, and pressed against without his consent do not amount to such a violation. *Id.* Rather, "isolated episodes of harassment and touching ... are despicable and, if true, they may potentially be the basis of state tort actions. But they do not involve a harm of federal constitutional proportions as defined by the Supreme Court." *Id.*

*Obiegbu v. Werlinger*, 581 F. App'x 119, 121 (3d Cir. 2014). In this case, plaintiff alleges one incident where Bonnia purportedly touched him on the shoulder and told him that he liked him. This event, at most, constitutes an isolated incident that did not violate plaintiff's Eighth Amendment rights. Therefore, this claim will be dismissed without prejudice for failure to state a claim upon which relief may be granted.

## V.  CONCLUSION

For the foregoing reasons, the complaint is dismissed with prejudice as to defendants the South Woods State Prison, Several New Jersey DOC and the State of New Jersey DOC. Plaintiff's claims against the unnamed eye doctor he saw in January, 2013, and Bonnia are dismissed without prejudice for failure to state a claim. Plaintiff shall be given thirty days in which to file a proposed all-inclusive amended complaint should he elect to do so that corrects the deficiencies of the complaint as to his claims that were dismissed without prejudice only.

DATED: July 6, 2016                                             s/Robert B. Kugler
                                                                ROBERT B. KUGLER
                                                                United States District Judge